# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MAINE

| | |
|---|---|
| **JAMES BRENT MILLER,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. _____ |
| ) | **(Removed from the Kennebec County** |
| **ACADIA HEALTHCARE CO., INC.,** ) | **Superior Court, Case No. CV-20-26)** |
| ) | |
| Defendant. ) | |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1331-1332, 1441, and 1446, Defendant Acadia Healthcare Co., Inc. ("Defendant" or "Acadia") through its counsel files this Notice of Removal from the Kennebec County Superior Court, in which the action is now pending under Case No. KENSC-CV-20-26 to the United States District Court for the District of Maine. As grounds for removal, Defendant states:

1. Plaintiff James Brent Miller ("Plaintiff") commenced this action on February 14, 2020 by filing a Complaint (the "Complaint") with the Kennebec County Superior Court styled as *James Brent Miller v. Acadia Healthcare Co., Inc.,* Case No. CV-20-26 (hereinafter the "State Court Action"). Plaintiff alleges that Defendant terminated his employment as a result of alleged protected conduct as a whistleblower in violation of the Maine Whistleblowers' Protection Act. *See* Complaint at ¶¶ 82-89.

2. Defendant accepted service of a copy of the Complaint on February 25, 2020. True and authentic copies of all process, pleadings, and orders served on or by the Defendant in the State Court Action are attached as **Exhibit 1** in accordance with 28 U.S.C. § 1446(a).

3. Defendant is filing this Notice of Removal within thirty days after accepting service of the Summons and Complaint, and this Notice of Removal is timely under 28 U.S.C. § 1446(b).

4. This action is removed on the basis of diversity of citizenship jurisdiction pursuant to 28 U.S.C. § 1332 and § 1441. Based on the allegations in the Complaint, complete diversity exists between Plaintiff and Defendant: Plaintiff is a resident and citizen of Clinton, Kennebec County, Maine. Complaint at ¶¶ 1-2.

5. As clarified by the United States Supreme Court, "the phrase 'principal place of business' [in Section 1332(c)(1)] refers to the place where the corporation's high level officers direct, control, and coordinate the corporation's activities. Lower federal courts have often metaphorically called that place the corporation's 'nerve center.' We believe that the 'nerve center' will typically be found at a corporation's headquarters." *Hertz Corp. v Friend*, 559 U.S. 77, 80-81 (2010).

6. Defendant is a Delaware corporation with its principal place of business in Franklin, Tennessee. *See* 28 U.S.C. § 1332(c)(1). A majority of Defendant's executive and administrative functions are located in Tennessee. Therefore, Defendant's principal place of business is in Tennessee, and it is therefore a citizen of Tennessee for the purposes of determining diversity of citizenship.

7. Accordingly, diversity of citizenship existed between the parties at the time Plaintiff filed his Complaint. Diversity of citizenship continues to exist at the time this Notice of Removal is filed.

8. Plaintiff's Complaint does not name a specific amount in controversy but seeks "lost wages and benefits, compensatory damages, punitive damages, attorney's fees and costs, and other relief as may be appropriate." *See* Complaint at ¶ 89 (some formatting and punctuation

altered from the original).  At the time his employment ended in April of 2017, Plaintiff's annual earnings from his employment were approximately $75,000.  A preponderance of the evidence shows that the amount in controversy exceeds $75,000.  Thus, removal is also proper under 28 U.S.C. § 1441(b) and § 1446(c).

9. Venue is proper pursuant to 28 U.S.C. § 1441(a) in the United States District Court for the District of Maine, which embraces the same place where the state court action is pending.

10. Pursuant to 28 U.S.C. § 1446(d), a true and correct copy of this Notice will be filed with the Clerk of the Superior Court of Kennebec County, and served upon Plaintiff, the only adverse party.  A copy of the State Notice of Filing Notice of Removal is attached hereto as **Exhibit 2**.

11. By filing this Notice of Removal, Defendant does not waive, either expressly or impliedly, its respective rights to assert any defense it could have asserted in the Superior Court of Kennebec County, Maine.  Defendant reserves the right to amend or supplement this Notice of Removal.

WHEREFORE, Defendant requests this civil action be removed in its entirety from the Kennebec County Superior Court to the United States District Court for the District of Maine; this Court assume full jurisdiction of this case; and this Court take all further action deemed just and proper.

DATED:  March 25, 2020

>*/s/ Ronald W. Schneider, Jr.*
> Ronald W. Schneider, Jr.
> Tara A. Walker
> BERNSTEIN, SHUR, SAWYER & NELSON, P.A.
> 100 Middle Street
> P.O. Box 9729
> Portland, ME 04104-5029
> (207) 774-1200 telephone
> (207) 774-1127 facsimile

rschneider@bernsteinshur.com
twalker@bernsteinshur.com

Mark W. Peters (*pro hac vice* pending)
Brittany S. Hopper (*pro hac vice* pending)
WALLER LANSDEN DORTCH & DAVIS, LLP
511 Union Street, Suite 2700
Nashville, TN 37219-8966
(615) 244-6380 telephone
(615) 244-6804 facsimile
mark.peters@wallerlaw.com
brittany.hopper@wallerlaw.com

## CERTIFICATE OF SERVICE

      I hereby certify that a true and accurate copy of the foregoing Notice of Removal has been served via electronic mail and first-class prepaid mail:

> Alison E. Tozier, Esq.
> Richard L. O'Meara, Esq.
> MURRAY PLUMB & MURRAY
> 75 Pearl Street, P.O. Box 9785
> Portland, ME 04104-5085
>
> *Attorneys for Plaintiff*

on this 25th day of March, 2020.

                          */s/ Ronald W. Schneider, Jr.*